1   MARC E. MAYER (SBN 190969)
      mem@msk.com
2   EMILY F. EVITT (SBN 261491)
      efe@msk.com
3   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
4   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
5   Facsimile: (310) 312-3100

6   Attorneys for Plaintiff,
    Homa Games SAS

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  HOMA GAMES SAS, a company            CASE NO. 2:25-CV-00717
    incorporated under the laws of France,
12                                       **COMPLAINT FOR COPYRIGHT
                  Plaintiff,             INFRINGEMENT**
13
                  v.                     **DEMAND FOR JURY TRIAL**
14
    CENTURY GAMES PTE. LTD., a
15  company incorporated under the laws of
    Singapore; TALEFUN TECHNOLOGIES
16  LIMITED d/b/a "TAP COLOR
    STUDIO," a company incorporated under
17  the laws of Hong Kong; and DOES 1-10,
    inclusive,
18
                  Defendant.
19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20455295

                              **COMPLAINT**

## INTRODUCTION

1.      Plaintiff Homa Games SAS ("Homa") is a leading video game company at the forefront of the casual mobile gaming market. Casual mobile games are intuitive games with low barriers to entry and relatively straightforward gameplay. Such games are typically free-to-play, with game developers earning revenue from in-app purchases and advertising. Thus, user engagement is critical for a casual game's success, and the temptation to copy an already successful game, with a proven track record and built-in audience is strong. Defendants Century Games PTE. LTD. ("Century Games") and Talefun Technologies Limited ("Talefun") have built a business doing just that.

2.      Homa brings the instant action against Defendants to protect its intellectual property rights in Homa's popular game *All in Hole*. *All in Hole* is a mobile game where users manipulate a colorful "black hole" to capture objects and solve puzzles. Following the success of *All in Hole*, Defendants released their own black hole game, *Hooole!*. However, rather than engage in the time and effort of creating its own original game, Defendants meticulously copied *All in Hole* level by level and element by element.

3.      *Hooole!* deliberately mimics the theme, look and feel, level designs, maps, color combinations, specific shapes and objects, graphic and sound effects, game progression, game interface, and numerous other specific protectable elements of *All in Hole* as detailed further below.

4.      To remedy this willful infringement, Homa brings this suit for injunctive relief, damages, and Defendants' unjust profits resulting from this infringement.

## THE PARTIES

5.      Homa is a corporation duly organized and existing under the laws of France, headquartered in Paris. Homa also has personnel in the United States, including in San Francisco, California and Los Angeles, California. Homa is a market leader in the competitive casual gaming market and is in the business of producing,

developing, publishing, distributing, and marketing a catalog of high-quality mobile game products, including *All in Hole*. The United States is Homa's largest market for its games, including *All in Hole*.

6.     Homa is informed and believes, and on that basis alleges, that Defendant Century Games is a company incorporated under the laws of Singapore. Century Games is a global game developer and publisher, known for creating a diverse portfolio of mobile games across categories such as casual, role-playing, and strategy. Century Games develops and publishes mobile games, focusing on casual, creative games. According to its LinkedIn page, Century Games has more than 700 employees "across the globe" and operates offices worldwide, including in Singapore, Beijing, Shanghai, Brazil, Turkey, the Philippines, and the United States. Homa is informed and believes, and on that basis alleges, that Century is the owner of the game titled *Hooole!* and is responsible for the creation, development, and distribution of *Hooole!*.

7.     Defendant Talefun Technologies Limited ("Talefun"), is a company incorporated under the laws of Hong Kong. Homa is informed and believes, and on that basis alleges, that Talefun at times does business under the name "Tap Color" and that Talefun is the publisher of *Hooole!* in the United States and, with Century Games, is responsible for the marketing and distribution of *Hooole!*.

8.     Homa is informed and believes, and on that basis alleges, that Century Games and Talefun together are responsible for and directly participated in the infringing conduct alleged herein.

9.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1-10 inclusive, are unknown to Homa, which has therefore sued said Defendants by such fictitious names. These Defendants may include individuals whose real identities are not yet known to Homa, but who are acting in concert with one another in committing the unlawful acts alleged herein. Homa will amend this complaint to state Defendants' true names and capacities once they are ascertained. Homa is informed and believes, and on that basis

Mitchell
Silberberg &
Knupp LLP
20455295

1    alleges, that all Defendants sued herein are liable to Homa as a result of their

2    participation in all or some of the acts set forth in this complaint.

3         10.    Homa is informed and believes, and on that basis alleges, that at all times

4    mentioned in this complaint, each of the Defendants was the agent of each of the other

5    Defendants and, in doing the things alleged in this complaint, was acting within the

6    course and scope of such agency.

7    **<u>JURISDICTION AND VENUE</u>**

8         11.    This is a civil action seeking damages, injunctive relief, and other

9    equitable relief under the Copyright Act, 17 U.S.C. § 101 *et seq.*

10        12.    This Court has subject matter jurisdiction over Homa's claims for

11   copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12        13.    This Court has personal jurisdiction over Defendants because they have

13   a substantial presence in, and purposefully directed their activities at, the United

14   States, and at California in particular, and have purposefully availed themselves of

15   the benefits of doing business in California. Homa is informed and believes, and on

16   that basis alleges, that, without limitation:

17        (a)    Defendants intentionally chose to distribute *Hooole!* in the

18        United States and the State of California through the Google

19        Play and Apple App Store ("App Store"). Homa is informed

20        and believes, and on that basis alleges, that Defendants

21        intentionally uploaded *Hooole!* to servers located in the United

22        States, specifically requested that the Google Play and App

23        Store distribute *Hooole!* worldwide, including in the United

24        States, and deliberately chose not to exclude or block customers

25        in the United States from accessing and downloading *Hooole!*.

26        (b)    Defendants have targeted their games, including *Hooole!*, to

27        United States customers, including by intentionally directing

28        advertising for their games to U.S. customers, promoting their

games via English language websites and Facebook pages, and offering English language customer support to U.S. customers. As set forth below, Defendants know and intend that their games are played by U.S. customers and thus have included specific terms in their Terms of Service and Privacy Policy directed at customers in the United States and in the State of California.

(c)   Defendants conduct extensive and ongoing business with customers in the United States and the State of California, including through in-game purchases made by customers in the United States and the State of California. Defendants promote and advertise those in-game purchases in U.S. Dollars. Homa is informed and believes, and on that basis alleges, that such in-game purchases include charges in U.S. Dollars made to customers by California-based Apple and Google, which then take up to a 30% platform fee (and other assessed charges) in California before remitting any payment (also in U.S. Dollars) to Defendants.

(d)   Defendants engage in substantial business activities and maintain a substantial business presence with respect to their games in the United States, and particularly in the State of California. For example, Homa is informed and believes that Defendant Century Games engages attorneys based in San Francisco, California and has taken advantage of the U.S. legal system, including by applying for U.S. trademark registrations.

(e)   Defendants have directed their unlawful activities at Homa, including by deliberately copying and appropriating Homa's copyrighted content. Defendants did so knowing and intending

Mitchell
Silberberg &
Knupp LLP

20455295

that Homa would be harmed by their conduct, including in the United States where Homa has personnel.

(f)     Defendants advertise and market *Hooole!* in the United States and the State of California, and communicate directly with users in the United States, including for the purposes of soliciting downloads of *Hooole!* by such users. According to Sensor Tower, *Hooole!*'s top markets are United States, Brazil, and Canada.[1]  Additionally, Century Games' Terms of Service indicate that any disputes between Century Games and users residing in the United States are governed by California law, and contain venue and jurisdiction provisions requiring that any litigation take place in and must be litigated in San Francisco, California.  *See*   https://www.centurygames.com/terms-of-service/ And Talefun's Terms of Service contain a Notice to California Users, pursuant to California Civil Code Section 1789.3. *See* https://www.talefun.com/html/terms.html

(g)     Defendants enter into contracts with, and utilize the services of, numerous U.S. companies, including domain name registrars, hosting providers, and payment processors. Defendants also enter into license agreements with U.S.-based software companies for the use of software or programming tools.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, or, in the alternative, there is no district in which an action may otherwise be brought, and Defendants are subject to the Court's personal jurisdiction in this district with respect to this action.

---

[1] https://app.sensortower.com/overview/com.dotdot.hooole?country=US

Mitchell
Silberberg &
Knupp LLP

20455295

## FACTS APPLICABLE TO ALL CLAIMS

### Homa and Its Games

15.    Homa is a leading mobile developer and publisher in the business of developing, publishing, and marketing original, high-quality mobile games. By exploring innovative mechanics and unique game designs, Homa ensures that its games deliver engaging and fresh experiences for players worldwide. This commitment to innovation allows Homa to remain at the forefront of the gaming industry while continuously expanding its creative portfolio.

16.    Homa has developed unique expertise in the market of casual games. Casual games are characterized by intuitive gameplay, using carefully designed interfaces that are easy for players to learn, as well as using specifically tailored visual elements that include cues, or settings to engage players in short, set durations of gameplay. As a result of Homa's expertise and creative vision, its games are frequently at the top of the app store charts and are among the most popular mobile titles in the world.

17.    The casual games market is a growing and heavily competitive sector. Because the business model for casual gaming is primarily driven by in-app purchases and advertisement-based revenue, developers of casual games rely heavily on player engagement. Game developers whose games engage the greatest share of players and whose portfolio of work can capture the market are the most successful. However, due to the straightforward and intuitive nature of casual games, once a developer creates and publishes original creative content, it becomes particularly susceptible to "copycat" competitors who can easily replicate the developer's creative elements and release their own clones of the original work. And because casual games are typically free and have low barriers to entry, player loyalty and market share can shift quickly.

### Homa's Game *All In Hole*

18.    *All in Hole* is a prime example of a successful casual game that has been well-received by players, and, as a result, has drawn the attention of competitors and

copycats. *All in Hole* is in the genre of "puzzle games," which means a game designed to test problem-solving skills including pattern recognition, logic, word completion, or understanding a process.

19.    *All in Hole* was developed and published by Homa on June 17, 2023. The game was first released on Google Play on March 11, 2024, and on the App Store on June 7, 2024. It quickly became popular among users: As of January 14, 2025, for iPhone users in the United States, *All in Hole* was the No. 54 puzzle game based on monthly downloads, and the No. 29 puzzle game based on monthly in-app revenue, according to data.ai.[2] The game's user rating was 4.9/5 on the App Store and 4.7/5 on Google Play. Since its release, *All in Hole* has been downloaded on Google Play more than one million times. As described by a leading industry blog, the Deconstructor of Fun, the game is "fantastic," "a ton of fun to play," and "one of the best implementations of hybrid casual playbook."[3]

20.    *All in Hole* is a vibrant and engaging puzzle adventure where players control a powerful black hole to eat and sort objects while solving a variety of increasingly complex challenges. *All in Hole* combines puzzle-solving mechanics with satisfying physics-based gameplay. In the game, players help Molly, a mischievous mole character, to navigate through colorful levels and unique maps while consuming and sorting objects on the playing field by adjusting angles, manipulating obstacles, and strategically using in-game tools. Developed for relaxation and entertainment, the game combines strategy, creativity, and social interaction. Each level introduces unique tasks—such as sorting objects, unlocking recipes, or decorating cakes—blending problem-solving with creativity.

21.    In *All in Hole*, players progress through a series of increasingly challenging levels, each of which offers new and unique artistic and gameplay elements. Each of *All in Hole*'s levels has been painstakingly designed by Homa's

---

[2] https://www.pocketgamer.com/all-in-hole-sinkhole-puzzle/out-now-on-android/
[3] https://www.youtube.com/watch?v=y7iuNrrgr2A&ab_channel=DeconstructorofFun

**COMPLAINT**

Mitchell
Silberberg &
Knupp LLP
20455295

development team to provide fresh challenges for the player, and these levels represent a substantial investment of creative time and energy. Players are incentivized to complete levels through an engaging rewards system. Prizes include energy boosts, time extensions, and collectible items that aid the player's further progress. The more objects players collect and sort, and the faster they do so, the greater their rewards, offering players a sense of achievement and progression.

22.     *All in Hole* has stunning, colorful visuals that enhance the relaxing atmosphere. Each level unlocks new boosters and challenges and is uniquely designed with vibrant objects and environments that captivate the player's attention. Players can also revisit levels to improve their performance and earn better rewards, including the coveted three-star rating for the best in-game performance at a given level.

23.     Players of *All in Hole* who wish to enhance their gaming experience or progress more quickly through the game's levels can purchase in-game coins, boosters, and additional time. Since *All in Hole* is a free-to-play game (*i.e.*, there is no cost to download and play the game) Homa relies on these in-game purchases to recoup its investment in the game. Homa also earns revenue from *All in Hole* through advertising.

24.     Representative screenshots of *All in Hole* are included below:



25.     *All in Hole* is the product of substantial effort by a team of developers that includes designers, artists, software engineers, and sound designers. *All in Hole* is a highly creative expressive work, featuring a variety of distinctive and original game elements and art assets, a colorful and original user interface, complex and creative level design, and custom sound effects. Collectively, all of these distinctive and creative elements have imbued the game with a unique and original look and feel that stands out from other games in the field.

26.     Homa is the owner of a valid and subsisting copyright registration in *All in Hole*, Registration No. PA 2-495-602, effective as of October 22, 2024. Homa's copyright in *All in Hole* includes all copyrightable subject matter encompassed therein, including its artwork, sound, user interface, screen displays, computer code, and other audiovisual, and graphic elements.

27.     Homa's level designs and in-game maps also are protected by the Community design registrations Nos. 015079473-0001, 015077882-0001 issued respectively by EUIPO on November 18, 2024 and November 11, 2024.

## Defendants And Their Business Model

28.     Defendants are a game developer and affiliated publisher whose *modus operandi* is to copy the creative expression of their competitors for their own benefit. Defendants routinely and systematically monitor the portfolios of other game developers, identifying games that achieve popularity and success. Rather than investing in original development, Defendants capitalize on the creative achievements of their competitors by swiftly cloning their gameplay, unique elements, and creative expression—the very aspects that made those games popular in the first place.

29.     *Hooole!* is the latest example of Defendants' repeated practice of misappropriating the intellectual property of others. Homa is informed and believes, and on that basis alleges, that Defendant Century Games in particular, has a history of launching multiple copycat games directly based on popular games developed by their competitors, demonstrating a pattern of intentional and willful infringement.

Mitchell Silberberg & Knupp LLP
20455295

30.     Defendants know that their conduct is infringing, and thus engage in a variety of tactics to obscure the nature of their involvement. One of the means employed by Defendant Century Games—a large and sophisticated game company—is to publish copycat games through its affiliated, less famous, studios in order to test the game's reception before publishing it under the flagship Century Games brand. This is precisely what Defendants have done here, providing inconsistent information on the app stores as to the owner and publisher of *Hooole!*.

### **Defendants' Game *Hooole!***

31.     *Hooole!* is a mobile game that is intended to replicate *All in Hole*. Homa is informed and believes, and on that basis alleges, that *Hooole!* was developed by Century Games or by a third-party studio commissioned by Century Games and acting at its direction. On December 30, 2024, and December 24, 2024, respectively, Defendants released or caused to be released *Hooole!* on the Google Play and App Store.[4]

32.     Like *All in Hole*, *Hooole!* is a casual mobile game centered around a black hole. As in *All in Hole,* players of *Hooole!* maneuver the black hole within a computer-generated environment to devour colorful fruits, vegetables, sushi, and other objects. Using a nearly identical hole to that featured in *All in Hole,* players progress through the ***same*** levels, puzzles and quests as in *All in Hole*—with the superficial (and immaterial) change that they are helping "Mr. Albert" (rather than Molly). The two games are nearly indistinguishable: they include nearly identical levels, the same level layout and maps, the same user interface, the same color scheme, the same icons, the same boosters, and even the same textual material.

33.     As detailed further below, *Hooole!* deliberately mimics the theme, look and feel, level designs, maps, color combinations, specific shapes and objects, graphic

---

[4] Google Play: https://app.sensortower.com/overview/com.dotdot.hooole?country=US
Apple App Store: https://app.sensortower.com/overview/6737881101?country=US

**COMPLAINT**

Mitchell
Silberberg &
Knupp LLP
20455295

1  and sound effects, game progression, game interface, and numerous other specific

2  protectable elements of *All in Hole*.

3  **Defendants' Access To *All In Hole***

4  34.    Homa is informed and believes, and on that basis alleges, that at the time

5  Defendants created and distributed *Hooole!*, they had access to *All in Hole*, via the

6  game's widespread distribution on the app stores, and were aware of its market

7  success. *Hooole!* was released about nine months after *All in Hole*, and Defendants

8  thus had the opportunity to review and analyze *All in Hole's* market metrics, game's

9  performance, and the game itself. This timing is no coincidence. Even a cursory

10  review reveals pervasive similarities in virtually every aspect of the games. Those

11  similarities render it apparent that Defendants copied major elements from *All in Hole*,

12  in violation of Homa's rights.

13  **Hooole! Is A Copycat Of *All In Hole***

14  35.    *Hooole!* copies protected expression from *All in Hole* and is an

15  undeniable clone of *All in Hole*. This is not just a matter of two competitors

16  developing similar games within the same genre or sharing similar mechanics. The

17  similarities identified by this Complaint, which are only a subset of the infringing

18  copying, are in no way dictated by the genre, the nature of the games, or the rules.

19  They are centered on specific creative decisions that Homa made in developing *All in*

20  *Hole*, which Defendants proceeded to copy wholesale.

21  36.    Homa created an original and distinctive game with numerous original

22  elements and protectable expressions. Defendants copied virtually every innovation

23  that Homa introduced, such as, among other things:

24  •    Player interfaces

25  •    Level layouts

26  •    Level dimensions, *e.g.*, width and height

27  •    Spatial organization of elements like grids, zones, and obstacles

28  •    Coordinates—exact positions of objects on the axis

- Color choice and arrangement
- Primary shape of the game map
- User experience (UX) of core gameplay – time allocated per level, difficulty of each level
- Player boosters and upgrades
- Feature unlock sequences
- Point values associated with particular objects (*e.g.*, gold bars, food pieces, etc.)
- Player "onboarding flow," such as specific priority levels and number of levels at which boosters appear.

37.    As the non-exhaustive examples above show, the primary attributes of Defendants' *Hooole!* are substantially similar to the original and expressive elements of Homa's *All in Hole*.

38.    Defendants did not take merely the basic concept of a casual puzzle game based on capturing objects in a black hole. Rather, Defendants wholly misappropriated the very creative combination of elements that Homa developed. Homa carefully selected colors, shapes, layouts, and design aesthetics to create a unique and engaging experience in *All in Hole*. Likewise Homa specifically designed levels, boosters, and point values to make *All in Hole* captivating for players.

39.    Defendants' copying of Homa's original work to create a substantially similar puzzle game is readily evident. Every key element that has made *All in Hole* so original and unique has been replicated by Century Games in *Hooole!*. As a result of Defendants' extensive copying, *All in Hole* and *Hooole!* are substantially similar in their total concept and feel. The similarities between the games are not coincidental, especially when viewed in the aggregate and in the context of the entire effect the games have on the player. Nor are the similarities described in this Complaint merely the result of two games existing in the same genre. They are the result of willful infringement by Defendants to poach the market for Homa's game.

1                              ***Level Layouts and Structural Similarities:***

2         40.    Defendants copied *All in Hole's* level user interface; spatial organization,

3 size, and proportion of elements like grids, zones, and obstacles; coordinates—*i.e.*,

4 exact positions of objects on the axis; level dimensions; color choice and arrangement;

5 and primary shape of the game map. Screenshots below illustrate these similarities.

6              ***All in Hole* Level 1**        ***Hooole!* Level 1**



20         41.    A zoomed-out screenshot of the game maps for *All in Hole* and *Hooole!*

21 clearly shows that the maps and object layout are similar.



       ***All in Hole* Level 2**      ***Hooole!* Level 2**

Mitchell
Silberberg &
Knupp LLP
20455295

28

13
**COMPLAINT**

42.    As illustrated above, each game features a side panel that tracks the number of fruits collected and required for each level. The timer at the top indicates how much time a player has to finish the level. The graphics for these features are strikingly similar in *All in Hole* and *Hooole!*: the side panel has a similar color and shape, and it also displays three types of fruits. The timer uses the same font and colors, with a green bar indicating the remaining time. Players also have the same amount of time to complete the level in both games. The small pause button is notably placed in the same position on the screen in both games and is equivalent in shape and size. The black holes in the games are the same: both are white-rimmed have the same size and dimensions. In both games players are provided with the same text instructions (*e.g.*, "move your hole" followed by the infinity sign). But the similarities do not end there. Virtually every aspect of *All in Hole* was copied by *Hooole!*.

43.    The user interface of the "lobby" in both games also is nearly identical: the "play" button, fonts, size and location of the black hole, "unlock" bar, icons for the in-game shop, packs (the "book" icon), "home," "leader board," and "rewards" are the same and are placed in the same order. Both games also have the same bar on the top of the screen depicting avatar, currency and lives.

*All in Hole* **Lobby**          *Hooole!* **Lobby**

 

***Game Progression:***

44.    *Hooole!* copies verbatim each level of *All in Hole* by implementing the same user interfaces, tasks, and incremental increases in difficulty. As illustrated by the screenshot below, *Hooole!* has not only taken *All in Hole's* instructions and user interface, but has also copied *All in Hole's* sequence and game progression, since each corresponding level of *Hooole!* includes the same degree of complexity and the same challenges.

1

*All in Hole* Level 1          *Hooole!* Level 1



*Boosters:*

45.    As each game progresses, players unlock similar boosters in the exact same order. As demonstrated by the screenshot above, the panel at the bottom of each game's screen clearly indicates the listed boosters are unlocked in the same sequence: level 3, 5, 7, and 9.

46.    The first booster in both *All in Hole* and *Hooole!* is a "Bigger Hole," which allows users to increase the hole size for 10 seconds. The text of the user instruction accompanying the "Bigger Hole" in both games also is the same.



Mitchell
Silberberg &
Knupp LLP
20455295

16
**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*All in Hole*          *Hooole!*          *All in Hole*          *Hooole!*

  

47.    The second booster is called "Magnet" in *All in Hole* and "Tornado" in *Hooole!* Both boosters have the same description and functionality: they allow items to whirl into the hole.

*All in Hole*          *Hooole!*

 

Mitchell
Silberberg &
Knupp LLP
20455295

17

48.    The third booster is "Compass" in *All in Hole* and *Hooole!* This booster has the same general appearance, functionality and text description in both games.

*All in Hole*          *Hooole!*          *All in Hole*          *Hooole!*

 

49.    The fourth booster in both games is "Time Freeze." Like the other boosters, it has the same functionality and text description, as well as the same color.

*All in Hole*          *Hooole!*          *All in Hole*          *Hooole!*

  

50.    Subsequent levels of *All in Hole* and *Hooole!* illustrate the same pattern of similar or identical boosters being introduced at the same level in each game.

Indeed, as a player progresses through the levels, the similarities between the games only become more obvious. For instance, level 11 in both games has the same combination of sliced tomatoes and kiwifruit or cucumber slices. Items are located in the same positions and have similar colors.

*All in Hole* **Level 11**    *Hooole!* **Level 11**

 

51.    The "packs" page interface in *Hooole!* is also a direct copy of the corresponding page in *All in Hole*. The artwork itself and the composition of the packs were also closely replicated in *Hooole!:* in both games the packs are "Vegetables" and "Fruits."

***All in Hole* Packs Page    *Hooole!* Packs Page**

 

### *Point Values Associated With Objects:*

52.    Both *All in Hole* and *Hooole!* also include the same items (*e.g.*, gold bars, food pieces, etc.), and have identical points and values associated with those items.

53.    These similarities are not incidental, nor are they dictated by the similar mechanics of the two games nor the casual puzzle genre. In addition to copying the theme and style of game play of *All in Hole*, Defendants extensively copied specific copyrighted expression. Defendants' *Hooole!* is an unmistakable copy of Homa's *All in Hole*.

## <u>Defendants' Ongoing Willful Infringement Harms Homa</u>

54.    Homa is informed and believes, and on that basis alleges, that all of the foregoing copying was deliberate and intentional and that, during the development of *Hooole!*, Defendants used *All In Hole* as reference, and copied the design of each level, color combinations, design and locations of the individual game elements, user progression, sequence of events, titles and even the text descriptions of the in-game boosters and instructions. Defendants did so in order to capitalize on Homa's successful game and divert players from Homa to Defendants.

55.     The similarities between *All in Hole* and *Hooole!* are widespread and pervasive. The comparisons above are a representative, but not exhaustive, list of the striking similarities between the two games. The original game elements of *All in Hole* as well as Homa's creative selection and arrangement thereof that Defendants copied are protected. Defendants could have designed a casual puzzle game about a black hole in innumerable different ways, but instead they chose to use the very same original, protected expression that Homa had created for *All in Hole.*

56.     Because of Defendants' willful conduct, *Hooole!* has interfered with, and threatens to further disrupt, the growing success of *All in Hole.* Because *All in Hole* is a free game, Homa receives revenue primarily from in-app purchases and from advertisers who pay for ads to be displayed in or in relation to Homa's games. That means *All in Hole's* game revenue is highly dependent on user engagement. Consequently, Defendants' *Hooole!* jeopardizes the goodwill and player relationships that Homa has worked to develop. It interferes with Homa's ability to acquire new players, threatens to divert current players, and harms Homa's ability to earn revenue from *All in Hole*.

57.     Therefore, by this action, Homa seeks to prevent Defendants from any further infringement and from causing any further harm to Homa.

## COUNT I

### (Copyright Infringement – 17 U.S.C. § 501 *et seq*.)

58.     Homa re-alleges and incorporates by reference the allegations in paragraphs 1 through 57 as if set forth fully herein.

59.     Homa is the owner of a valid and enforceable copyright in *All in Hole*. Homa has registered a copyright in *All in Hole*, Registration No. PA 2-495-602, effective as of October 22, 2024.

60.     Defendants have deliberately and intentionally copied the protectable expression from *All in Hole* in *Hooole!*.

Mitchell
Silberberg &
Knupp LLP
20455295

61.     Homa has never authorized nor given consent to Defendants to use its copyrighted work in the manner complained of herein.

62.     Thus, Defendants have infringed, and are continuing to infringe, Homa's copyright by reproducing, adapting, distributing, publicly performing, and publicly displaying, and authorizing others to reproduce, adapt, distribute, publicly perform, and publicly display copyrighted elements of *All in Hole* without authorization, in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.*

63.     Defendants' acts of infringement are willful, in disregard of, and with indifference to, the rights of Homa.

64.     As a direct and proximate result of the infringement alleged herein, Homa is entitled to damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Homa is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

65.     Homa further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

66.     As a result of Defendants' acts and conduct, Homa has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Homa is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Homa's rights in *All in Hole*. Homa is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Homa respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to:

1.   A judgment that Defendants have infringed Homa's copyright in violation of the Copyright Act and that the infringement was willful.

2.   An order preliminarily and permanently enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons and entities acting by, through, or in concert with them, from manufacturing, producing, distributing, advertising, marketing, offering for sale, or selling *Hooole!*.

3.   Ordering Defendants to file with the Court and serve on Homa, within thirty (30) days after entry of the injunction, a report in writing, under oath detailing compliance with the injunction.

4.   Requiring Defendants to deliver to Homa all copies of materials that infringe or violate any of Homa's rights described herein.

5.   Requiring Defendants to provide Homa with an accounting of any and all sales of products or services that infringe or violate any of Homa's rights, as described herein.

6.   Awarding Homa actual or statutory damages for copyright infringement and willful infringement under 17 U.S.C. § 504, as appropriate.

7.   Awarding Homa its full costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

8.   Imposing a constructive trust over the proceeds unjustly obtained by Defendants through the sale of *Hooole!* in the United States or that stem from a predicate act of infringement in the United States, and/or any other products or services that violate any of Homa's rights described herein.

9.   Awarding applicable interest (both prejudgment and post-judgment), costs, disbursements, and attorneys' fees.

10.    Awarding such other and further relief as this Court may deem just, appropriate, and equitable.

DATED: January 27, 2025                MARC E. MAYER
                                       EMILY F. EVITT
                                       MITCHELL SILBERBERG & KNUPP LLP


                                       By: */s/ Marc. E. Mayer*
                                           Marc E. Mayer (SBN 190969)
                                           Emily F. Evitt (SBN 261491)
                                           Attorneys for Plaintiff
                                           Homa Games SAS

Mitchell
Silberberg &
Knupp LLP

20455295

24

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial by jury of all issues so triable under the law.

3

4   DATED: January 27, 2025          MARC E. MAYER
                                     EMILY F. EVITT
5                                    MITCHELL SILBERBERG & KNUPP LLP

6

7                                    By: */s/Marc. E. Mayer*
                                         Marc E. Mayer (SBN 190969)
8                                        Emily F. Evitt (SBN 261491)
                                         Attorneys for Plaintiff
9                                        Homa Games SAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20455295

**COMPLAINT**